**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff T.J.N.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.J.N., a minor by and through his Guardian Ad Litem WILLIAM NAVAROLI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SIMI VALLEY, TYLER WILLIAMSON, and ERIC COOK,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>Federal Claims</u> (42 U.S.C. § 1983)<br>1. Fourth Amendment: Excessive Force<br>2. Fourth Amendment: False Arrest<br>3. *Monell* Liability: Ratification<br><br><u>State Claims</u><br>4. Battery;<br>5. Negligence;<br>6. False Imprisonment<br>7. Violation of the Bane Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

Plaintiff T.J.N. by and through his Guardian Ad Litem WILLIAM NAVAROLI, for his Complaint against Defendants CITY OF SIMI VALLEY, TYLER WILLIAMSON, and ERIC COOK, alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and violations of state law in connection with the February 7, 2025 officer involved car collision of Plaintiff, T.J.N.

## THE PARTIES

2. Plaintiff T.J.N. is an individual residing in the City of Los Angeles, and at all relevant times, he was an individual residing in the City of Los Angeles.

3. At all relevant times, Defendants CITY OF SIMI VALLEY (CITY) was and is a public entity existing under the laws of the State of California, with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Simi Valley Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the Simi Valley Police Department and its employees and agents complied with the laws of the United States and of the State of California.

4. At all relevant times, Defendant TYLER WILLIAMSON was and is a police officer employed by the CITY through the Simi Valley Police Department. At all relevant times, OFFICER WILLIAMSON was acting under color of state law and within the course and scope of his employment. OFFICER WILLIAMSON is being sued in his individual capacity.

5. At all relevant times, Defendant ERIC COOK was and is a police

1  officer employed by the CITY through the Simi Valley Police Department. At
2  all relevant times, OFFICER COOK was acting under color of state law and
3  within the course and scope of his employment. OFFICER COOK is being
4  sued in his individual capacity.

5　　6.　　Plaintiff has complied with all requirements of the California Tort Claims Act with respect to his claims arising under state law. On May 19, 2025, Plaintiff timely presented his tort claims to Defendant CITY OF SIMI VALLEY in accordance with Government Code sections 810 et seq. On July 14, 2025, Defendant CITY rejected Plaintiff's claims. Plaintiff's claims are properly before this Court.

## JURISDICTION AND VENUE

7.　　The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.　　Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.　　The incident from which this claim arises occurred on February 7, 2025, at approximately 7:30 p.m., at or around the intersection of Michael Clark Parkway and Alamo Street, in the City of Simi Valley, in the County of Ventura.

10.　　OFFICER WILLIAMSON and OFFICER COOK were on duty as

sworn law enforcement officers with the Simi Valley Police Department on the date and at the time of the incident. OFFICER COOK responded to a call of motorized bicycles allegedly causing a disturbance at the Regal Simi Valley civic center and observed several motorized bicycle riders, including T.J.N., in the parking lot of the civic center. OFFICER COOK did not observe T.J.N. or any of the riders committing any Vehicle Code violations or other crimes.

11. Despite the absence of any observed criminal activity or traffic violations, Officer Cook initiated contact with T.J.N. in his unmarked vehicle when T.J.N. rode his electric bicycle away from the parking lot. Officer Cook followed T.J.N. northbound on Michael Clark Parkway without activating any emergency lights or sirens on his police motorcycle.

12. OFFICER WILLIAMSON, responding to radio communication from OFFICER COOK, drove his marked patrol vehicle southbound on Michael Clark Parkway toward the intersection with Alamo Street.

13. As T.J.N. approached the intersection traveling northbound, OFFICER WILLIAMSON entered the intersection, driving on a collision path with T.J.N.

14. T.J.N. observed Officer Williamson's patrol vehicle and attempted to swerve left to avoid a collision. However, T.J.N. was unable to avoid the patrol vehicle and collided with the front of Officer Williamson's vehicle within the intersection.

15. As a result of the collision, T.J.N. was ejected from his electric bicycle and thrown onto the pavement, landing on his right leg. T.J.N. suffered serious injuries including multiple broken bones in his lower right leg that were shattered and pushed more than an inch out of place, a deep 2-centimeter cut on his right knee that exposed the tissue underneath, and injuries to his right shoulder. The broken leg required immediate emergency

1 treatment including sedation to reset the bones and a cast for immobilization. T.J.N. was subsequently transported to Los Robles Hospital and then transferred to Kaiser Woodland Hills for ongoing orthopedic treatment.

16. T.J.N. was a 16-year-old minor at the time of the incident. He was wearing a helmet at the time of the collision, demonstrating reasonable safety precautions.

17. Officers Cook and Williamson were working under color of state law and in the course and scope of their employment as sworn police officers for the Simi Valley Police Department.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Against WILLIAMSON)

18. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

19. At all times relevant hereto, T.J.N. had a clearly established right under the Fourth Amendment to the United States Constitution to be free from the use of excessive force during the course of a seizure.

20. On February 7, 2025, OFFICER WILLIAMSON, while acting under color of state law and within the course and scope of his employment with the CITY OF SIMI VALLEY and the Simi Valley Police Department, seized T.J.N. by intentionally positioning his patrol vehicle in T.J.N.'s path of travel within the intersection of Michael Clark Parkway and Alamo Street, causing a vehicle collision.

21. OFFICER WILLIAMSON's act of driving his patrol vehicle into the intersection and positioning it in T.J.N.'s path, resulting in a collision, constituted a seizure of T.J.N. within the meaning of the Fourth Amendment.

22. OFFICER WILLIAMSON used force against T.J.N. by using his

patrol vehicle as an instrumentality of force to stop T.J.N.'s forward travel, intentionally causing T.J.N. to collide with the patrol vehicle, be ejected from his electric bicycle, and sustain serious bodily injuries.

23. OFFICER WILLIAMSON's use of force was objectively unreasonable under the circumstances. At the time OFFICER WILLIAMSON positioned his vehicle in T.J.N.'s path:

(a) T.J.N. had not committed any crime and was not suspected of committing any crime;
(b) T.J.N. posed no immediate threat to the safety of OFFICER WILLIAMSON or others;
(c) T.J.N. was a 16-year-old minor riding an electric bicycle;
(d) T.J.N. was not actively resisting or attempting to evade arrest by flight, as no lawful basis for arrest existed;
(e) Less intrusive means were available to address the situation, including allowing T.J.N. to pass safely and contacting him at a later time;
(f) The force used—intentionally causing a vehicle collision with a bicyclist—created a substantial risk of serious bodily injury or death; and

24. A reasonable officer in OFFICER WILLIAMSON's position would have known that intentionally positioning a patrol vehicle in the path of a 16-year-old riding an electric bicycle, when the minor had committed no crime and posed no threat to public safety, constituted excessive force in violation of the Fourth Amendment.

25. As a direct and proximate result of OFFICER WILLIAMSON's use of excessive force, T.J.N. suffered severe and permanent injuries, including but not limited to comminuted fractures of the distal tibia and fibula in his right lower extremity resulting in approximately 1.2 cm

foreshortening and anterior angulation, a 2 cm laceration to his right knee exposing subcutaneous tissue, injuries to his right shoulder, severe pain and suffering, medical expenses, and ongoing physical limitations.

26. OFFICER WILLIAMSON's conduct was willful, wanton, malicious, and oppressive, and was undertaken with conscious disregard for T.J.N.'s constitutional rights, thereby entitling Plaintiff to an award of punitive damages.

27. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

28. Plaintiff also seeks attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—False Arrest (42 U.S.C. § 1983)

(Against WILLIAMSON and COOK)

29. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. At all times relevant hereto, T.J.N. had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure, including the right to be free from arrest or detention without probable cause.

31. On February 7, 2025, OFFICER COOK initiated contact with T.J.N. without probable cause or reasonable suspicion that T.J.N. had committed, was committing, or was about to commit any crime or Vehicle Code violation. OFFICER COOK personally observed T.J.N. and the other riders in the parking lot of the Regal Simi Valley civic center and did not observe T.J.N. or any of the riders committing any criminal offense or traffic violation.

32. Despite the complete absence of any observed criminal activity or traffic violation, OFFICER COOK made the affirmative decision to follow T.J.N. when T.J.N. rode his electric bicycle away from the parking lot. OFFICER COOK drove behind T.J.N. northbound on Michael Clark Parkway with the intent to stop and detain T.J.N.

33. OFFICER COOK communicated T.J.N.'s location and direction of travel to other officers, including OFFICER WILLIAMSON, via police radio, setting in motion the events that led to T.J.N.'s unlawful seizure.

34. OFFICER WILLIAMSON, acting on OFFICER COOK's radio communication, drove his marked patrol vehicle southbound on Michael Clark Parkway and intentionally positioned his vehicle in T.J.N.'s path of travel at the intersection of Michael Clark Parkway and Alamo Street to effectuate a stop of T.J.N.

35. The collision between OFFICER WILLIAMSON's patrol vehicle and T.J.N. constituted a seizure of T.J.N. within the meaning of the Fourth Amendment. OFFICER WILLIAMSON intentionally used his patrol vehicle to terminate T.J.N.'s freedom of movement, and a reasonable person in T.J.N.'s position would not have felt free to leave or continue on his way.

36. The seizure of T.J.N. was effectuated without probable cause or reasonable suspicion. At the time of the seizure:

(a) T.J.N. had not committed any crime;

(b) T.J.N. had not committed any Vehicle Code violation;

(c) Neither OFFICER COOK nor OFFICER WILLIAMSON had observed T.J.N. engage in any unlawful conduct;

(d) Responding to a general call about motorized bicycles "causing a disturbance" does not establish probable cause or reasonable suspicion to seize any particular individual;

(e) T.J.N.'s act of riding his electric bicycle away from the parking

lot was lawful conduct that did not provide any basis for a seizure;

(f) No arrest warrant or other judicial authorization existed for the seizure of T.J.N.

37. OFFICER COOK was an integral participant in the unlawful seizure of T.J.N. OFFICER COOK began following T.J.N. without legal justification, communicated with OFFICER WILLIAMSON to coordinate the interception of T.J.N., and set in motion the series of events that directly resulted in T.J.N.'s seizure. But for OFFICER COOK's decision to follow T.J.N. without probable cause and his coordination with OFFICER WILLIAMSON, T.J.N. would not have been seized.

38. OFFICER WILLIAMSON was an integral participant in the unlawful seizure of T.J.N. OFFICER WILLIAMSON physically effectuated the seizure by positioning his patrol vehicle in T.J.N.'s path, causing the collision that terminated T.J.N.'s freedom of movement. OFFICER WILLIAMSON acted without independently verifying that probable cause or reasonable suspicion existed to justify the seizure.

39. A reasonable officer in OFFICER COOK's position would have known that initiating contact of a 16-year-old on an electric bicycle, without having observed any criminal conduct or traffic violation, and coordinating with other officers to intercept and stop that individual, would violate the Fourth Amendment's prohibition against seizures without probable cause.

40. A reasonable officer in OFFICER WILLIAMSON's position would have known that using a patrol vehicle to intercept and stop a 16-year-old on an electric bicycle, without probable cause or reasonable suspicion that the individual had committed any crime, would violate the Fourth Amendment's prohibition against seizures without probable cause.

41. As a direct and proximate result of the unlawful seizure by

OFFICER COOK and OFFICER WILLIAMSON, T.J.N. suffered severe and permanent injuries, including but not limited to comminuted fractures of the distal tibia and fibula in his right lower extremity resulting in approximately 1.2 cm foreshortening and anterior angulation, a 2 cm laceration to his right knee exposing subcutaneous tissue, injuries to his right shoulder, severe pain and suffering, medical expenses, and ongoing physical limitations.

42. The conduct of OFFICER WILLIAMSON was willful, wanton, malicious, and oppressive, and was undertaken with conscious disregard for T.J.N.'s constitutional rights, thereby entitling Plaintiff to an award of punitive damages against him.

43. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

44. Plaintiff also seeks attorneys' fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against CITY)

45. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

46. The acts and omissions of Defendants TYLER WILLIAMSON deprived T.J.N. of his rights under the Fourth Amendment to the United States Constitution, as alleged herein.

47. Upon information and belief, a final policymaker for Defendant CITY OF SIMI VALLEY with authority over law enforcement matters reviewed the conduct of OFFICER WILLIAMSON in connection with the February 7, 2025 incident and approved or ratified their conduct.

48. Upon information and belief, Defendant CITY OF SIMI

VALLEY ratified the unconstitutional conduct of OFFICER WILLIAMSON by:

(a) Failing to discipline or take any corrective action against OFFICER WILLIAMSON despite knowledge of their constitutional violations;

(b) Determining that their conduct was justified and within policy;

(c) Explicitly or implicitly approving their actions through official review processes; and/or

49. This ratification by Defendant CITY OF SIMI VALLEY's final policymaker was a moving force behind the violations of T.J.N.'s constitutional rights.

50. As a direct and proximate result of Defendant CITY OF SIMI VALLEY's ratification of its officers' unconstitutional conduct, T.J.N. suffered severe physical injuries, pain and suffering, emotional distress, medical expenses, and other damages as alleged herein.

51. As a result of the foregoing, Plaintiff suffered physical injury, pain, emotional distress, and other damages.

52. Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

53. Plaintiff also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Against WILLIAMSON and CITY)

54. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55. OFFICER WILLIAMSON intentionally used his patrol vehicle as an instrumentality to make harmful and offensive contact with T.J.N. by causing T.J.N. to collide with the patrol vehicle, resulting in T.J.N. being

ejected from his electric bicycle and thrown onto the pavement.

56. OFFICER WILLIAMSON's actions resulted in harmful and offensive contact with T.J.N.'s person, causing immediate and severe physical injury.

57. OFFICER WILLIAMSON had no legal justification for using force against T.J.N. At the time of the collision:

(a) T.J.N. had not committed any crime and was not suspected of committing any crime;

(b) T.J.N. posed no immediate threat to the safety of OFFICER WILLIAMSON or others;

(c) T.J.N. was a 16-year-old minor riding an electric bicycle;

(d) No lawful basis existed for OFFICER WILLIAMSON to stop, detain, or arrest T.J.N.;

(e) Less intrusive means were available to address the situation, including allowing T.J.N. to pass safely and contacting him at a later time;

(f) The use of OFFICER WILLIAMSON's patrol vehicle to cause a collision with a bicyclist created a substantial risk of serious bodily injury or death.

58. OFFICER WILLIAMSON's use of force while carrying out his duties was an unreasonable and non-privileged use of force.

59. As a direct and proximate result of OFFICER WILLIAMSON's battery, T.J.N. suffered severe and permanent injuries, including but not limited to comminuted fractures of the distal tibia and fibula in his right lower extremity resulting in approximately 1.2 cm foreshortening and anterior angulation, a 2 cm laceration to his right knee exposing subcutaneous tissue, injuries to his right shoulder, severe pain and suffering, medical expenses, loss of earning capacity, and ongoing physical limitations.

60. Defendant CITY OF SIMI VALLEY is vicariously liable for the wrongful acts of Defendant TYLER WILLIAMSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of Defendant TYLER WILLIAMSON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of T.J.N., entitling Plaintiff to an award of exemplary and punitive damages as to Defendant TYLER WILLIAMSON.

62. Plaintiff seeks compensatory damages, punitive damages, and costs.

## FIFTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

63. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. Police officers, including OFFICER TYLER WILLIAMSON and OFFICER ERIC COOK, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort. This duty further includes exercising reasonable care when operating patrol vehicles, providing adequate warning before and during stops, and ensuring that vehicular maneuvers do not create unreasonable risks of harm to the public.

65. OFFICER ERIC COOK breached his duty of care. The actions and inactions of OFFICER ERIC COOK were negligent, including but not

limited to: (a) Following T.J.N. without reasonable suspicion or probable cause that T.J.N. had committed any crime or Vehicle Code violation; (b) Following T.J.N. without activating emergency lights or sirens, thereby failing to provide any warning or indication that law enforcement was attempting to stop him; (c) Failing to discontinue following T.J.N. when no criminal activity or traffic violation had been observed; (d) Failing to properly assess whether following T.J.N. was necessary or appropriate given the absence of any suspected criminal activity; (e) Negligently communicating or coordinating with OFFICER WILLIAMSON in a manner that created a dangerous situation for T.J.N.; (f) Failing to inform OFFICER WILLIAMSON that his actions were not based on any observed criminal conduct or traffic violation; and (g) Failing to ensure the safety of T.J.N. during the encounter.

66. OFFICER TYLER WILLIAMSON breached his duty of care. The actions and inactions of OFFICER TYLER WILLIAMSON were negligent, including but not limited to: (a) Failing to properly assess the need to stop or intercept T.J.N., particularly given the absence of any suspected criminal activity; (b) Negligently positioning his patrol vehicle in the path of T.J.N.'s travel, creating an unreasonable risk of collision; (c) Failing to provide adequate warning or time for T.J.N. to react and avoid a collision; (d) Negligently operating his patrol vehicle in a manner that caused a collision with T.J.N.; (e) Failing to use less dangerous means to address the situation, including allowing T.J.N. to pass safely; (f) Negligently entering the intersection without ensuring it was safe to do so; (g) Failing to account for T.J.N.'s speed, direction of travel, and ability to stop when positioning his vehicle; (h) Activating emergency lights and sirens too late to provide adequate warning to T.J.N.; and (i) Failing to exercise reasonable care to prevent harm to T.J.N., a 16-year-old minor operating an electric bicycle.

14
COMPLAINT FOR DAMAGES

67. As a direct and proximate result of the negligent conduct of OFFICER COOK and OFFICER WILLIAMSON as alleged above, T.J.N. suffered severe and permanent injuries, including but not limited to comminuted fractures of the distal tibia and fibula in his right lower extremity resulting in approximately 1.2 cm foreshortening and anterior angulation, a 2 cm laceration to his right knee exposing subcutaneous tissue, injuries to his right shoulder, severe pain and suffering, medical expenses, loss of earning capacity, and ongoing physical limitations.

68. Defendant CITY OF SIMI VALLEY is vicariously liable for the wrongful acts of OFFICER TYLER WILLIAMSON and OFFICER ERIC COOK pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

69. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress, and past and future loss of income. Plaintiff seeks costs.

### SIXTH CLAIM FOR RELIEF

**False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

(Against WILLIAMSON and CITY)

70. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71. On February 7, 2025, OFFICER WILLIAMSON intentionally confined T.J.N. by positioning his patrol vehicle in T.J.N.'s path of travel at the intersection of Michael Clark Parkway and Alamo Street, causing a collision that terminated T.J.N.'s freedom of movement.

72. T.J.N. did not consent to being stopped, detained, or confined by

OFFICER WILLIAMSON.

73. OFFICER WILLIAMSON's confinement of T.J.N. was without lawful privilege. At the time OFFICER WILLIAMSON stopped T.J.N.:

(a) T.J.N. had not committed any crime;

(b) T.J.N. had not committed any Vehicle Code violation;

(c) Neither OFFICER WILLIAMSON nor any other officer had observed T.J.N. engage in any unlawful conduct;

(d) No probable cause or reasonable suspicion existed to justify stopping or detaining T.J.N.;

(e) No arrest warrant or other judicial authorization existed for the seizure of T.J.N.

74. As a direct and proximate result of OFFICER WILLIAMSON's false imprisonment of T.J.N., T.J.N. suffered severe and permanent injuries, including but not limited to comminuted fractures of the distal tibia and fibula in his right lower extremity resulting in approximately 1.2 cm foreshortening and anterior angulation, a 2 cm laceration to his right knee exposing subcutaneous tissue, injuries to his right shoulder, severe pain and suffering, medical expenses, and ongoing physical limitations.

75. Defendant CITY OF SIMI VALLEY is vicariously liable for the wrongful acts of OFFICER WILLIAMSON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. The conduct of OFFICER WILLIAMSON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of T.J.N., entitling Plaintiff to an award of exemplary and punitive damages as to OFFICER WILLIAMSON.

77. Plaintiff seeks compensatory damages, punitive damages, and

costs.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(Against WILLIAMSON and CITY)

78. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. TYLER WILLIAMSON acted within the course and scope of his employment as a police officer for Defendant CITY OF SIMI VALLEY and acted under color of state law.

80. The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement. California Civil Code Section 52.1(b) authorizes a private right of action for such claims.

81. On information and belief, OFFICER WILLIAMSON, while working for the CITY OF SIMI VALLEY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against T.J.N., including by using excessive force against him without justification or excuse.

82. When OFFICER WILLIAMSON intentionally positioned his patrol vehicle in T.J.N.'s path causing a collision, he interfered with T.J.N.'s civil rights under federal and state law. OFFICER WILLIAMSON intentionally used force, demonstrated by his reckless disregard for T.J.N.'s right to be free from excessive force.

83. On information and belief, OFFICER WILLIAMSON intentionally and spitefully committed the above acts to discourage T.J.N. from exercising his civil rights.

84. On information and belief, T.J.N. reasonably believed that the

violent acts committed by OFFICER WILLIAMSON were intended to discourage him from exercising his civil rights.

85. OFFICER WILLIAMSON successfully interfered with the civil rights of T.J.N.

86. T.J.N. was caused to suffer severe physical injuries, pain and suffering, loss of enjoyment of life, medical expenses, and other harms. The conduct of OFFICER WILLIAMSON was a substantial factor in causing the harm, losses, injuries, and damages of T.J.N.

87. Defendant CITY OF SIMI VALLEY is vicariously liable for the wrongful acts of OFFICER WILLIAMSON under California law and the doctrine of respondeat superior and section 815.2(a) of the California Government Code.

88. The conduct of OFFICER WILLIAMSON was malicious, wanton, oppressive, and accomplished with a conscious disregard for T.J.N.'s and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to OFFICER WILLIAMSON.

89. Plaintiffs seek compensatory damages, costs, and attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants CITY OF SIMI VALLEY; OFFICER TYLER WILLIAMSON; and OFFICER ERIC COOK, as follows:

1. For compensatory damages, including but not limited to past and future pain and suffering and past and future medical expenses, according to proof at trial;
2. For statutory damages as permitted by law;
3. For punitive damages against OFFICER WILLIAMSON in an amount to be proven at trial;

4. For reasonable attorneys' fees, including litigation expenses, pursuant to 42 U.S.C. § 1988 and applicable state law;

5. For costs of suit and interest incurred herein; and

6. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: December 5, 2025           **LAW OFFICES OF DALE K. GALIPO**

By: /s/   *Dale K. Galipo*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby submits this demand that this action be tried in front of a jury.

Dated: December 5, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:    */s/   Dale K. Galipo*
        Dale K. Galipo
        Cooper Alison-Mayne
        *Attorneys for Plaintiff*