LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff T.J.N.*

Algeria R. Ford (SBN 289016)
E-mail:  aford@bwslaw.com
Lisa W. Lee (SBN 186495)
E-mail:  llee@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600	Fax:  213.236.2700

Attorneys for Defendants
CITY OF SIMI VALLEY, TYLER WILLIAMSON AND ERIC COOKE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.J.N., a minor by and through his Guardian Ad Litem WILLIAM NAVAROLI,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SIMI VALLEY; TYLER WILLIAMSON; and ERIC COOK,<br><br>Defendants. | Case No. 2:25-cv-11601-MEMF-RAO<br><br>*Honorable Maame Ewusi-Mensah Frimpong*<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>**Scheduling Conference**<br>Date: March 12, 2026 |

Pursuant to this Court's October 15, 2024 Order [Dkt. No. 14], as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record:

**A.	Statement of the Case:**

*1.     Plaintiff's short synopsis of main claims.*

This action arises from a February 7, 2025 incident in which Simi Valley Police Department officers pursued and struck T.J.N., a 16-year-old minor, with a patrol vehicle while he was riding an electric bicycle near the intersection of Michael Clark Parkway and Alamo Street in Simi Valley, California. Officer Cook initiated contact with T.J.N. after responding to a call about motorized bicycles at the Regal Simi Valley Civic Center, despite not observing T.J.N. commit any traffic violations or crimes. Officer Cook followed T.J.N. in an unmarked vehicle. Officer Williamson, responding to radio communications from Officer Cook, drove his marked patrol vehicle southbound into the intersection and deliberately steered toward T.J.N., who was traveling northbound on his electric bicycle. T.J.N. attempted to swerve to avoid the patrol vehicle, but Officer Williamson struck T.J.N. with the front of his vehicle. T.J.N. was ejected from his bicycle and thrown onto the pavement, suffering serious injuries including multiple broken bones in his lower right leg, a deep laceration exposing underlying tissue, and shoulder injuries requiring emergency medical treatment and ongoing orthopedic care.

Plaintiff, through his Guardian Ad Litem William Navaroli, brought this action asserting the following claims: (1) Fourth Amendment Excessive Force (42 U.S.C. § 1983); (2) Fourth Amendment False Arrest (42 U.S.C. § 1983); (3) Municipal Liability for Ratification (42 U.S.C. § 1983); (4) Battery; (5) Negligence; (6) False Imprisonment; and (7) Violation of the Bane Act (California Civil Code § 52.1).

*2.     Defendants' short synopsis of main affirmative defenses.*

Defendants deny Plaintiff's claims and contend that Defendants were acting reasonably and lawfully at all times.

**B.     Subject Matter Jurisdiction:**

This civil action is brought by Plaintiff who alleges deprivations of his

constitutional rights as protected by 42 U.S.C. §§ 1983and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

**C.     Legal Issues:**

   *1.     Plaintiff's brief description of the key legal issues.*

   Whether Officers Williamson and Cook used excessive and unreasonable force against Plaintiff by initiating and executing a vehicular pursuit and intervention against a minor on an electric bicycle in the absence of any observed criminal activity. Whether the City of Simi Valley maintained an unconstitutional custom, practice, or policy regarding the use of police vehicles to intercept or stop suspects. Whether the City of Simi Valley failed to adequately train its officers regarding vehicle intervention techniques and the use of force during pursuits of individuals on bicycles. Damages, including punitive damages against the individual officer.

   Plaintiff is unaware of any unusual substantive, procedural, or evidentiary issues at this time.

   *2.     Defendants' brief description of the key legal issues.*

   a.     Whether defendant officers used excessive and unreasonable force against plaintiff (42 USC § 1983);

   b.     Whether defendant officers unlawfully seized plaintiff (42 USC § 1983);

   c.     Whether defendant City of Simi Valley is liable to Plaintiff for ratification under *Monell*, 42 USC § 1983;

   d.     Whether defendant officers battered Plaintiff in violation of California state law;

e. Whether defendant officers were negligent against Plaintiff in violation of California state law;

f. Whether defendant officers falsely imprisoned Plaintiff in violation of California state law;

g. Whether defendant officers are liable to Plaintiff under the Bane Act (Cal. Civ. Code § 52.1);

h. What, if any, amount of damages Plaintiff may be entitled to receive as compensation for his injuries.

**D. Damages**

Plaintiff claims general and special compensatory damages, and punitive damages. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988. A realistic range of provable damages is, in part, based on further discovery, medical treatment, and in large part based on expert testimony. Plaintiff estimates damages to be in excess of $3 million.

**E. Parties, Evidence, etc.:**

*1. The Parties.*

Plaintiff is T.J.N., a minor, by and through his Guardian Ad Litem William Navaroli. The Defendants are the City of Simi Valley (a public entity), Officer Tyler Williamson (individual), and Officer Eric Cooke (individual). The parties do not anticipate the appearance of additional parties at this time

*2. Percipient Witnesses.*

Witnesses to this incident may include Officers Williamson and Cooke, as well as any other officers who responded to the scene or were involved in dispatch communications. Additionally, there may be civilian witnesses who were present in the area of the intersection of Michael Clark Parkway and Alamo Street or in the parking lot of the Regal Simi Valley Civic Center at the time of the incident. Given that discovery has not yet been completed, the parties have not yet

identified all percipient witnesses.

    3.    *Key Documents.*

As discovery is in its early stages, the parties are not in a position to identify all key documents. The parties reserve the right to amend this list as further information is produced. Key documents may include, but are not limited to: officers' statements, reports, and recorded interviews; dispatch recordings and CAD logs; audio recordings and/or video of the incident, including body-worn camera footage, in-car video, and any surveillance footage; City policies and procedures; investigative reports and diagrams; photographs of the scene; physical evidence recovered from the scene; medical records of T.J.N.; and responses to written discovery.

**F.**    **Insurance:**

The City is insured for the claims stated in Plaintiff's complaint.

**G.**    **Manual for Complex Litigation:**

This case does not require utilization of the Manual for Complex Litigation.

**H.**    **Motions:**

    1.    *Plaintiff's statement regarding motions on the pleadings.*

Plaintiff does not anticipate filing any motions in this case, unless there are disputes during discovery that cannot be resolved amicably, in which case a motion to compel may be necessary.

    2.    *Defendants' statement regarding motions on the pleadings.*

Litigation of this matter is still in its very preliminary phases, so Defendants cannot yet anticipate all of the legal issues that will arise in this action. At this time, Defendants anticipate filing a motion for bifurcation, motions in limine, potentially Daubert motions in limine, and other pretrial and/or post-trial motion which may be appropriate.

**I.**    **Dispositive Motions:**

1  Plaintiff does not anticipate filing any dispositive motions in this case.
2  Plaintiff believes there may be issues to be determined by motion in limine based
3  on information obtained during discovery.
4  Defendants will likely file a motion for summary judgment and/or
5  adjudication.
6  **J.     Status of Discovery:**
7  The parties held their Rule 26(f) conference by telephone on January 13,
8  2026. The parties exchanged Rule 26(a) initial disclosures on February 18, 2026,
9  with both parties producing significant documents and media. A Stipulated
10 Protective Order has been entered by the Court [Dkt. No. 19]. The City of Simi
11 Valley filed its Answer on January 7, 2026 [Dkt. No. 14]. The individual
12 Defendant officers have a deadline of March 2, 2026 to file their responsive
13 pleadings. The parties anticipate serving written discovery shortly and taking the
14 depositions of the Defendant officers, Plaintiff and other witnesses. The parties do
15 not currently have any discovery disputes.
16 **K.     Discovery Plan:**
17 Pursuant to Rule 26(f), the parties have conferred regarding a discovery
18 plan and the possibility of prompt resolution of the case.
19
20 The parties exchanged initial disclosures on February 18, 2026. There is no
21 need to modify the disclosure requirements of Rule 26(a).
22 Plaintiff will propound discovery requests to determine the facts
23 surrounding the incident, including the officers' justification for initiating contact
24 and pursuing T.J.N., the use of the patrol vehicle to intercept T.J.N., and the
25 degree of force used. Plaintiff also seeks discovery on the City's policies and
26 training materials in effect at the time of the incident regarding vehicle pursuits,
27 vehicle intervention techniques, and the use of force; prior complaints against the
28

Defendant officers; related lawsuits against the City; training provided to the Defendant officers both before and after the incident; and whether the Defendant officers were disciplined or reprimanded as a result of the incident.

Defendants anticipate propounding written discovery concerning the claims and defenses at issue, including Plaintiff's allegations regarding seizure and excessive force during the underlying incident, as well as Plaintiff's alleged damages – potentially including interrogatories, requests for production, and requests for admission. Defendants intend to conduct depositions of Plaintiff and any other witnesses, if they exist, involved in the underlying incident.

The parties do not anticipate conducting discovery in phases.

The parties do not believe there needs to be any change in the limitations imposed by the Federal Rules.

A Stipulated Protective Order has been entered [Dkt. No. 19] to govern confidential materials produced in discovery.

The parties do not anticipate any issues with the storage or production of electronically stored information.

**L.  Expert Discovery:**

Initial Expert Disclosure: 08/26/2026

Rebuttal Expert Disclosure: 09/09/2026

Expert Discovery Cut-Off: 09/23/2026

The parties anticipate retaining experts in the fields of police practices and medical causation/damages.

**M.  Settlement Conference / Alternative Dispute Resolution (ADR):**

The parties have not yet engaged in substantive settlement discussions. The parties have contacted a Court Mediation Panel mediator to inquire regarding his availability. If the mediator is available, the parties will elect to proceed with panel mediation. Otherwise, the parties will engage in private mediation.

N.  **Trial Estimate:**

The parties anticipate that a jury trial will require approximately 4-5 days, including voir dire, opening statements, closing arguments, and time reasonably anticipated for discussions regarding jury instructions and verdict forms outside the presence of the jury. The parties contemplate calling between 7 and 10 witnesses.

O.  **Trial Counsel:**

Plaintiff: Dale K. Galipo (Lead) and Cooper Alison-Mayne.

Defendants: Lisa W. Lee and undetermined co-lead attorney.

P.  **Magistrate Judge:**

The parties do not consent to try this case before a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and General Order 05-07.

Q.  **Independent Expert or Master:**

This is not a case that requires appointing a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

R.  **Schedule Worksheet:**

See Exhibit A (Frimpong's Schedule of Pretrial and Trial Dates Worksheet).

S.  **Other Issues:**

Plaintiff T.J.N. is a minor proceeding through Guardian Ad Litem William Navaroli, appointed by the Court on December 18, 2025 [Dkt. No. 11]. The parties have entered a Stipulated Protective Order [Dkt. No. 19] governing confidential materials. The parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information. The parties do not anticipate any issues about claims of privilege or protection as trial-preparation materials. The parties do not anticipate needing a court interpreter or ADA accommodations at this time.

| | |
|---|---|
| Respectfully submitted, | |
| Dated: February 26, 2026 | **THE LAW OFFICES OF DALE K. GALIPO** |
| | <u>/s/   *Cooper Alison-Mayne*</u><br>Dale K. Galipo<br>Cooper Alison-Mayne<br>*Attorneys for Plaintiff* |
| Dated: February 26, 2026 | **BURKE, WILLIAMS, & SORENSEN, LLP** |
| | <u>/s/   *Lisa W. Lee*</u><br>Algeria R. Ford<br>Lisa W. Lee<br>Attorneys for Defendant, City of Simi Valley |