Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

Attorneys for Plaintiff
TANNER NAVAROLI

Algeria R. Ford (SBN 289016)
E-mail: aford@bwslaw.com
CITY ATTORNEY, CITY OF SIMI VALLEY
Lisa W. Lee (SBN 186495)
E-mail: llee@bwslaw.com
Natalie F. Price (SBN 279798)
E-mail: nprice@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
CITY OF SIMI VALLEY, TYLER
WILLIAMSON and ERIC COOKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TANNER NAVAROLI,<br>Plaintiff,<br>v.<br>CITY OF SIMI VALLEY, TYLER WILLIAMSON, and ERIC COOK,<br>Defendants. | Case No. 2:25-cv-11601-MEMF (RAOx)<br>Hon. Maame Ewusi-Mensah Frimpong<br>**PARTIES' JOINT STATEMENT OF DISPUTED AND UNDISPUTED FACTS**<br>*[Filed Concurrently with Joint Motion for Summary Judgment; Joint Appendix of Evidence; Decl. of Lisa W. Lee; Decl. of Tyler Williamson; Evidentiary Objections; Notice of Lodging; and [Proposed] Order]*<br>Date: November 5, 2026<br>Time: 10:00 am<br>Crtrm.: 8B<br>Trial Date: February 22, 2027 |

**TO THE HONORABLE COURT:**

The parties submit this Joint Statement of Disputed and Undisputed Facts in connection with the Motions for Summary Judgment.

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| 1. The incident occurred on February 7, 2025 at approximately 7:00 p.m. at the intersection of Michael Clark (which runs north to south) and Alamo (which runs east to west). Ex. A, Williamson Depo, 12:1-8; 27:1-5. | Undisputed. | | |
| 2. On February 7, 2025, Officer Cooke responded to a call for service regarding multiple juveniles on electric motorcycles driving recklessly in the parking lot in the Regal Plaza in Simi Valley. Ex. B, Cooke Depo, 12:3-9. | * Undisputed in part; disputed in part. | Undisputed that Officer Cooke responded to a call for service regarding riders at the Regal Plaza (subject to the objections set forth in Plaintiff's Evidentiary Objections, No. 1). Disputed that Plaintiff was riding recklessly. Plaintiff testified that he slowed at the stop sign in the parking lot and that he looked both ways before proceeding "[t]o make sure I was safe to go." Ex. C, Plaintiff Depo. 102:20-103:8. | Cited evidence does not dispute the fact.<br><br>The cited testimony of Plaintiff refers to a different time period after Officer Cooke responded to the scene. |
| 3. When Officer Cooke arrived at the location, he saw multiple e-motorcycles driving recklessly, including doing wheelies. | * Undisputed in part; disputed in part. | Undisputed that Officer Cooke testified he saw some riders doing wheelies (subject to the objections set forth in Plaintiff's Evidentiary | Cited testimony does not dispute the fact.<br><br>The cited |

| Undisputed Fact | Status | Opposition | Reply |
| --- | --- | --- | --- |
| Ex. B, Cooke Depo, 14: 4-11. | | Objections, No. 1). Disputed that Plaintiff was one of those riders or that he was riding recklessly. Officer Cooke testified that some riders were not doing wheelies and that Plaintiff "was not." Ex. B, Cooke Depo. 14:12-18. See supra Fact 2 for Plaintiff's testimony about his own conduct at the Regal. | testimony from Officer Cooke states that multiple e-motorcycles were driving recklessly, not that Plaintiff was doing wheelies. |
| 4. Plaintiff admits that he rode his electric motorcycle to the front Regal Plaza center to meet a friend. Ex. C, Plaintiff Deposition, 23:16-22; 24:24-25:2; 40:3-13. | * Undisputed. | | |
| 5. He admits that four people in addition to Plaintiff and his friend were riding e-motorcycles. Ex. C, Plaintiff Deposition, 40:14-21. | * Undisputed. | | |
| 6. Plaintiff admits that while he was at the Regal, he was riding at approximately 20-30 mph. Ex. C, Plaintiff Deposition, 46:2-9. | Undisputed. | Plaintiff estimated "somewhere in the 30s, 20s." Ex. C, Plaintiff Depo. 46:8-9. | |
| 7. The motorcyclists then fled the area. Ex. B, Cooke Depo, 14: 23-25, 15: 1-2. | * Undisputed in part; disputed in part. | Undisputed that Plaintiff and one other rider left the area. Disputed as to the characterization "fled." Cooke gave no orders and did | The cited testimony does not dispute the fact. |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | not identify himself before the riders left. Ex. B, Cooke Depo. 14:23-25. Plaintiff heard no commands directed at him or anyone. Ex. C, Plaintiff Depo. 47:12-19. Plaintiff left because his mother had called and told him to come home, and the call came before the officer arrived. Ex. C, Plaintiff Depo. 48:1-4, 48:18-24, 49:14-16. Plaintiff did not realize officers were trying to stop him until he was on the ground after the collision. Ex. C, Plaintiff Depo. 78:5-9. | The cited testimony disputes the act of leaving the scene as being characterized as "fled," but does not dispute that Plaintiff left the scene. |
| 8. Plaintiff admits that he saw a police officer on motorcycle arrive in the area. Ex. C, Plaintiff Deposition, 43: 21-24; 44:13-16. | Undisputed. | | |
| 9. When Plaintiff saw the police officer, he admits that left because he was getting a call from his mother. Ex. C, Plaintiff Deposition, 47:23-48:4. | Undisputed. | Plaintiff's mother called before the officer arrived. Ex. C, Plaintiff Depo. 48:18-24. | |
| 10. Plaintiff was wearing AirPods at the time the Officer arrived and when his mother called. Ex. C, Plaintiff Deposition, 48:14-22. | Undisputed in part; disputed in part. | Undisputed that Plaintiff answered his mother's call through an AirPod. Disputed to the extent the fact implies that both of Plaintiff's ears were covered or that his | The cited evidence does not dispute the fact.<br><br>The fact does not state that |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | hearing was impaired. Plaintiff testified that he had an AirPod in one ear only, the right ear, and that he could still hear what was happening outside. Ex. C, Plaintiff Depo. 102:3-14. | Plaintiff was hearing impaired. |
| 11. Plaintiff drove northbound in the parking lot at an estimated speed of 30-35 miles per hour. Ex. B, Cooke Depo, 16: 11-19. | Undisputed in part; disputed in part. | Undisputed that Officer Cooke estimated 30 to 35 miles per hour. Disputed as to Plaintiff's actual speed. Plaintiff estimated "[s]omewhere in the 20s" when he left the Regal area, and testified that he slowed at the stop sign in the parking lot and looked both ways before proceeding. Ex. C, Plaintiff Depo. 49:21-23, 102:20-103:8. | The cited evidence does not dispute the fact.<br><br>The estimated speed stated in the fact is Officer Cooke's estimation.<br><br>The disputed fact is not material. |
| 12. Plaintiff was traveling at an unsafe and high rate of speed northbound up Michael Clark Parkway, passing two cars going eastbound and westbound. Ex. B, Cooke Depo, 17: 13-17, 20:13. | Undisputed in part; disputed in part. | Undisputed that Officer Cooke so testified and that Plaintiff passed two vehicles (subject to the objections set forth in Plaintiff's Evidentiary Objections, No. 2). Disputed as to Plaintiff's actual speed. Officer Cooke estimated approximately 30 miles per hour. Ex. B, Cooke Depo. 20:14-17. Plaintiff testified that he was traveling "[s]omewhere in the 20s" when he | The cited evidence does not dispute the fact.<br><br>The estimated speed stated in the fact is Officer Cooke's estimation.<br><br>Whether Plaintiff was traveling at a speed in the |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | left the Regal area and in the 20s at the time of the collision. Ex. C, Plaintiff Depo. 49:21-23, 74:10-12. | 20s mph or over 20mph does not make it more or less likely that Williamson intended to use his vehicle to detain Plaintiff, nor more or less likely that any alleged force was unreasonable. |
| 13. Plaintiff turned left and travelled toward Michael Clark to the police station, and eventually rode to the intersection of Alamo and Michael Clark. (Ex. C, Plaintiff Deposition, 50:9-23.; Exhibit 11 to Deposition of Cooke, included in Ex. B. | Undisputed. | | |
| 14. Officer Cooke followed behind Plaintiff, but did not engage in a pursuit, as he did not have his lights and sirens on, nor was he close enough to try to conduct a traffic enforcement stop. Ex. B, Cooke Depo, 25: 4-9, 24: 19-22, 26: 17-21. | Undisputed. | | |
| 15. Plaintiff did not know the officer was behind him and did not feel he was being chased. | Undisputed. | Undisputed in substance. Plaintiff did not realize officers were trying to stop him until he was on the ground. | Plaintiff's claim that he "did not realize officers were |



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Ex. C, Plaintiff Deposition, 51:15-22. | | Ex. C, Plaintiff Depo. 78:5-9. | trying to stop him" lacks foundation. |
| 16. Officer Williamson received a call on his police radio that a group of what appeared to be juveniles were causing a disturbance at Regal Plaza shopping center and that they were riding electric motorcycles. Ex. A, Williamson Depo, 13: 13-17; 13:25-14:21. | * Undisputed. | Williamson had no further specifics as to the nature of the disturbance beyond that the individuals were riding electric motorcycles. Ex. A, Williamson Depo. 14:14-17. | |
| 17. Williamson's understanding at the time is that electric motorcycles could not be driven on public property. Ex. A, Williamson Depo, 22:2-11. | * Undisputed that Williamson so testified. | | |
| 18. Officer Williamson was driving a marked Ford Explorer police vehicle, equipped with emergency lights and sirens at the time of the incident. Ex. A, Williamson depo, 7:22-24. | Undisputed. | The vehicle was also equipped with a front push bar. Ex. A, Williamson Depo. 24:2-14. | |
| 19. Officer Williamson was traveling southbound on Michael Clark Parkway and in lane to go straight through the intersection of Michael Clark and Alamo, which is what he intended to do. Ex. A, | Undisputed. | | |

| Undisputed Fact | Status | Opposition | Reply |
| --- | --- | --- | --- |
| Williamson Depo Williamson Depo, 26:13-15; 27:3-7; 27: 14-19. | | | |
| 20. When he approached the intersection, there as a red light. Ex. A, Williamson Depo 27:23-28:3. | Undisputed. | | |
| 21. Officer Williamson stopped momentarily at the light, for at least 8 seconds, and while still stopped, activated his overhead emergency red and blue lights. Ex. A, Williamson Depo 28:9-22; Ex. E, Surveillance Video 2 CITY 00062 at 03:28-03:36, Lee Decl, ¶ 6; Ex. F, Williamson BWV at 00:07-00:17, Lee Decl., ¶ 7.) | Undisputed in part; disputed in part. | Undisputed that Williamson stopped at the red light. Disputed that he stopped for "at least 8 seconds" and disputed that he activated his overhead lights while stopped. The surveillance video shows the patrol vehicle stopped at the light at the 3:31 mark, moving into the intersection at 3:37, and the overhead emergency lights coming on at about 3:40. Ex. M at 3:31-3:40. Williamson testified that he stopped for "[a] couple seconds, maybe a few seconds." Ex. A, Williamson Depo. 28:9-12. Plaintiff testified that the patrol vehicle's lights and siren were not on while it was stopped at the signal. Ex. C, Plaintiff Depo. 56:18-57:3. | The cited evidence does not dispute the fact.<br><br>The cited video (Ex. M) shows Williamson stopped at the light at approximately 3:29 and moving into the intersection at approximately 3:37 (as Plaintiff admits).<br><br>Ex. M shows Williamson's lights activated before entering the intersection at approximately 3:37.<br><br>The dispute is not material. Whether |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | Williamson stopped at the light for 8 or 6 seconds, or whether activated his lights before or while he entered the intersection are not material facts. These facts do not make it more or less likely that he intended to use his vehicle to detain Plaintiff, nor more or less likely that any alleged force was unreasonable. |
| 22. While stopped, Officer Williamson checked for east and west bound traffic on Alamo, and it appeared cross-traffic was slowing down after he turned on his lights, and then he entered the intersection to clear it for officer and civilian safety. Ex. A, Williamson Depo, 31:13-17; 32:3-6; Williamson Decl., ¶ 4-6.) | Undisputed in part; disputed in part. | Undisputed that Williamson checked for traffic on Alamo. Disputed that he entered "after he turned on his lights": the video shows the patrol vehicle entering the intersection at 3:37 and the emergency lights coming on at about 3:40. Ex. M at 3:37-3:40. Disputed that he entered "to clear it for officer and civilian safety." That phrase is from the Williamson Declaration, ¶ 4; at | The cited evidence does not dispute the fact.<br><br>The cited video (Ex. M) does not dispute the fact.<br><br>The cited testimony does not dispute the fact. That Officer Williamson |

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| | | deposition he testified that he was in the lane to go straight and intended to go straight across Alamo Street, that his intent was to drive straight through the intersection to the Regal Plaza, and that he activated his lights "to give them that warning that I was... going through the intersection." Ex. A, Williamson Depo. 27:14-19, 29:8-11, 31:23-32:2, 53:16-19. | entered the intersection with the intent to drive through does not contradict that he was clearing the intersection.<br><br>The dispute is not material. Whether Williamson activated his lights before or while he entered the intersection, or whether he entered the intersection to "clear it" and drive across it, is not a material fact. It does not make it more or less likely that he intended to use his vehicle to detain Plaintiff, nor more or less likely that any alleged force was unreasonable. |
| 23. Officer Williamson did not see | * Disputed. | Williamson so testified, but the video permits the | The cited evidence does |



BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| Plaintiff on the electric motorcycle until Williamson was approximately in the middle of the intersection from north to south. Ex. A, Williamson Depo, 29:15-22; 32:14-19. | | contrary inference. Plaintiff's e-bike, lights on, came into the camera's view at the 3:36 mark, and the patrol vehicle began moving into the intersection about one second later, at 3:37. Ex. M at 3:36-3:38. A rider visible to a distant camera was visible to the officer facing him, and the timing supports the inference that Williamson saw Plaintiff before he moved. Officer Williamson separately testified that he saw the e-bike going westbound, that it was traveling from his left to his right, and that "the next crosswalk[] it was approaching was the crosswalk on the west, that runs north to south," at a point when he was still "[r]oughly" in the middle of the intersection traveling 5 to 10 miles per hour. Ex. A, Williamson Depo. 38:8-20, 55:2-5, 72:6-8. | not dispute the fact.<br><br>The point of the view of the surveillance camera from a different perspective than Officer Williamson perspective does not prove that Officer Williamson saw Plaintiff on the electric motorcycle at the same time.<br><br>Officer Williamson was focused on east and west bound traffic on Alamo when he was stopped at the intersection.<br><br>Plaintiff's cited evidence admits that Plaintiff's motorcycle came into the surveillance camera's view one second before Officer |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | Williamson entered the intersection.<br><br>The dispute is not material. Whether Officer Williamson saw Plaintiff's e-motorcycle one second before he entered or while he was in the intersection is not material. It is undisputed that Officer Williamson intended to enter the intersection. His intention to enter the intersection does not does not make it more or less likely that he intended to use his vehicle to detain Plaintiff, nor more or less likely that any alleged force was unreasonable.<br><br>UMF 22. |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | The cited evidence referring to Plaintiff's e-motorcycle as an "e-bike" is not supported by the evidence.<br><br>The evidence shows that Plaintiff's motorcycle is a "Talaria Power Tech TL5500," which not an "e-bike" but instead an off-highway electric motorcycle as pursuant to California Vehicle Code §436.1.<br><br>Supplemental Declaration of Lisa Lee, CHP Report, Ex. N, CITY00010-CITY 00021; Flosi Report, Ex. O, p. 15. |
| 24. When Officer Williamson was | Undisputed in part; disputed in part. | Undisputed that Plaintiff was traveling | The cited evidence does |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| in the middle of the intersection, Plaintiff was traveling northbound on Michael Clark Parkway, coming out of Regal Plaza. Ex. A, Williamson Depo, 26:10-12; 32:20-23; 39:17-20; 40:16-19. | | northbound on Michael Clark Parkway. Disputed as an incomplete description of what was occurring at that moment. When Officer Williamson was in the middle of the intersection, Plaintiff was traveling across the front of Officer Williamson's vehicle from Officer Williamson's left to his right, that is, from east to west, as Plaintiff moved toward the crosswalk on the west side of the intersection in order to cross Alamo Street. Ex. A, Williamson Depo. 72:6-8; Ex. M at 3:39-3:42; Ex. C, Plaintiff Depo. 52:2-15, 58:15-20, 66:15. Disputed as to when Officer Williamson first saw Plaintiff. See supra Fact 23. | not dispute the fact. |
| 25. Officer Williamson estimates that Plaintiff was traveling approximately 30 mph. Ex. A, Williamson Depo, 36:15-17. | Undisputed in part; disputed in part. | Undisputed that Officer Williamson so estimated. Disputed that the estimate is accurate. Plaintiff testified that he slowed as he approached the intersection and that he was traveling "[s]omewhere in the 20s" at the time of the collision. Ex. C, Plaintiff Depo. 55:14-18, 61:4-8, 74:10-12. The City is not in possession | The cited evidence does not dispute the fact.<br><br>The estimate of speed is Officer Williamson's estimate.<br><br>The dispute is not material. |

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| | | of any speed or event data for the patrol vehicle. Ex. I, City's Responses to Requests for Production Nos. 2, 3, 4, 5. | Whether Plaintiff was traveling at a speed in the 20s mph or over 20mph does not make it more or less likely that Williamson intended to use his vehicle to detain Plaintiff, nor more or less likely that any alleged force was unreasonable |
| 26. When Plaintiff entered the intersection, he was approximately 20-40 feet away from Officer Williamson's vehicle. Ex. A, Williamson Depo 26:1-9; 33:10-34:1;35:16-36:4. | Disputed. | Disputed. The video shows that when Plaintiff entered the intersection, the e-bike appears to have been closer to Officer Williamson's vehicle than 20 to 40 feet. Ex. M at 3:39-3:42. | The cited evidence does not support the fact.<br><br>The argument lacks foundation as to distance. |
| 27. Plaintiff admits that he approached the intersection going north, that it was dark (the sun had set) and that the light for northbound traffic was red. Ex. C, Plaintiff Deposition 55:7-13. | Undisputed in part; disputed in part. | Undisputed that Plaintiff approached the intersection going north, that the sun had set, and that the traffic signal for northbound traffic was red. Disputed to the extent the fact implies the roadway was unlit or that Plaintiff was not visible. Michael Clark Parkway and its intersection with Alamo Street are lit by overhead | The cited evidence does not dispute the fact. |

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| | | streetlights that illuminate the northbound lanes on which Plaintiff was traveling, and Plaintiff's headlight and rear light were on. Ex. M at 3:31-3:44; Ex. C, Plaintiff Depo. 60:6-14. | |
| 28. Plaintiff intended to enter the intersection on the red light, go straight across the street, into the police station parking lot, go through the parking lot and continue on home. Ex. C, Plaintiff Deposition, 52:2-19; 53:5-18; 57:22-25. | Undisputed. | Plaintiff intended to go "[t]hrough the crosswalk and go across the street" into the police station parking lot, which was a shortcut home and "the safest way." Ex. C, Plaintiff Depo. 52:2-19. | |
| 29. Plaintiff did not stop at the intersection and only slowed down, because he was rushing to get home. Ex. C, Plaintiff Deposition 55:14-20. | Undisputed. | | |
| 30. Plaintiff did not honk his horn before entering the intersection on the red light. Ex. C, Plaintiff Deposition, 60:23-61:3. | Undisputed. | | |
| 31. Within a couple seconds of Williamson initially seeing Plaintiff, where Plaintiff was traveling northbound, Plaintiff abruptly changed direction and made a left | Disputed. | Disputed that Plaintiff "abruptly changed direction," that he "made a left turn," and that he was "heading westbound into oncoming eastbound traffic on Alamo." Before he reached the | The cited evidence does not dispute the fact.<br><br>The fact does not state Plaintiff's |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| turn in the area of the east/west marked crosswalk, heading westbound into oncoming eastbound traffic on Alamo. Ex. A, Williamson Depo, 36:18-37:8; 40:12-15; 42:2-6; Ex. D, Surveillance Video 1 CITY 00062 at 00:42-0045, Lee Decl, ¶ 6.) | | intersection Plaintiff began turning to his left in order to reach the beginning of the crosswalk on the west side of the intersection, planning to turn back to his right there and straighten out so that he would be heading north through the crosswalk and across Alamo Street. Ex. J, Navaroli Decl. ¶ 9. He was moving west only in the sense that he was moving toward that crosswalk; he was not turning onto Alamo Street. *Id.*; Ex. C, Plaintiff Depo. 103:9-18. Plaintiff testified that his intention was "[t]o go straight" and that he was heading straight when the collision occurred. Ex. C, Plaintiff Depo. 57:22-25, 69:5-14. The video shows Plaintiff moving toward the crosswalk at the 3:39 mark, on a path leading away from the patrol vehicle's lane, and crossing in front of the patrol vehicle from Officer Williamson's left to his right by 3:42. Ex. M at 3:39-3:42. On further examination by Defendants' counsel, Plaintiff | intention, only his movement.<br><br>The cited evidence admits that Plaintiff was headed in a westbound direction. |

| Undisputed Fact | Status | Opposition | Reply |
| --- | --- | --- | --- |
| | | testified that when he veered left he "wasn't trying to turn that way" and was "trying to avoid getting hit." Ex. C, Plaintiff Depo. 105:16-106:7. Officer Williamson himself testified that the next crosswalk the e-bike was approaching was "the crosswalk on the west, that runs north to south." Ex. A, Williamson Depo. 38:12-14. | |
| 32. When Williamson saw Plaintiff make the abrupt turn, Williamson tried to avoid Plaintiff by bringing his vehicle to a stop and turning it to the right (westbound), to get out of the way. Ex. A, Williamson Depo, 52:19-53:4; 53:6-9; 54:8-10; 72:17-18; 81:1-11; 85:3-17; Ex. E, Surveillance Video 2 at 03:28-03:36, Lee Decl, ¶ 6.) | Undisputed in part; disputed in part. | Undisputed that Williamson turned his vehicle to the right. Ex. A, Williamson Depo. 54:8-10, 72:17-18. Disputed that he did so "to get out of the way" and disputed that he brought his vehicle to a stop before the impact. The turn was toward Plaintiff, not away from him: Officer Williamson testified that the e-bike was traveling from his left to his right and that the next crosswalk it was approaching was the one on the west. *Id.* 38:12-14, 72:6-8. Plaintiff was in that crosswalk, in the eastbound lanes of Alamo Street, and was no longer in the lanes of Michael Clark Parkway in which the patrol vehicle had been traveling. | The cited evidence does not dispute the fact.<br><br>The argument that Williamson intended to turn "toward Plaintiff" lacks foundation and is not supported by the cited evidence.<br><br>Ex. E shows that Officer Williamson in the intersection approximately half way before Plaintiff enters the intersection |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | Ex. J, Navaroli Decl. ¶ 13; Ex. C, Plaintiff Depo. 64:10-21. To reach him there, the patrol vehicle had to turn to its right, out of its lane and into the crosswalk; had it continued straight, it would have passed behind Plaintiff and would not have struck him. Ex. J, Navaroli Decl. ¶ 13. Officer Williamson cannot recall considering a turn to the left, away from the e-bike. Ex. A, Williamson Depo. 54:2-7. The video shows the patrol vehicle turning right, toward Plaintiff, at the 3:44 mark, striking the e-bike, and coming to a stop afterward in the eastbound lanes of Alamo Street. Ex. M at 3:43-3:46. | at approximately 3:39, and the collision at approximately 3:41. |
| 33. At some point right before impact, Williamson hit his brakes and was stopped at the time of impact. Ex. A, Williamson Depo, 51:14-52:3; 63:21-24; Ex. E, Surveillance Video 2 CITY 00062 at 00:42-0045, Lee Decl, ¶ 6.) | Disputed. | Williamson does not recall braking at any time while the motorcycle was traveling northbound. Ex. A, Williamson Depo. 52:16-18. He testified that his speed was "5 to 10 miles an hour, prior to braking," and gave the answer "I would say zero" only after his counsel objected that the question called for speculation. *Id.* 63:19-24. He | The cited evidence does not dispute the fact.<br><br>The dispute is not material. Whether Officer Williamson hit his brakes before or simultaneous to impact is not material, |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | testified that any braking and the turn to the right "happened all simultaneously," *id.* 54:11-14, and that the turn and the impact were about one second apart or "pretty much... simultaneous[]," *id.* 63:16-18, 72:19-25. His incident report states that he hit his brakes but does not state that he stopped. Ex. G, CITY 00001. Officer Cooke, who watched the collision, testified that the patrol vehicle "appeared it was traveling at a constant speed. I didn't see any rapid acceleration or braking." Ex. B, Cooke Depo. 33:1-3; *see id.* 29:24-25 (no screeching tires), 30:7-8 (no skid marks recalled). | because this difference of one second or less does not make it more or less likely that he intended to use his vehicle to seize Plaintiff or that any alleged force was unreasonable.<br><br>It is undisputed that his car did come to a stop after the collision. |
| 34. Although Plaintiff testified he was traveling straight at the time of the collision, video evidence shows Plaintiff made a left turn and was traveling west. Ex. C, Plaintiff Deposition, 69:5-20; Ex. E, Surveillance Video 2 CITY 00062 at 00:42-0045, Lee Decl, ¶ 6.) | Disputed. | Disputed. Plaintiff began turning to his left before he reached the intersection in order to reach the beginning of the crosswalk on the west side, from which he planned to turn back to his right and straighten out so that he would be heading north through the crosswalk and across Alamo Street. Ex. J, Navaroli Decl. ¶ 9. As he reached the | The cited evidence does not dispute the fact.<br><br>The fact does not state Plaintiff's intention, only his movement.<br><br>The cited evidence admits that Plaintiff was |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | crosswalk and was turning back to his right, Officer Williamson's vehicle turned toward him and into his path, and Plaintiff veered further to his left and squeezed his brake in an unsuccessful attempt to avoid the collision. Ex. J, Navaroli Decl. ¶¶ 11-12. Plaintiff testified that he was heading straight at the time of the collision and that he was never turning left onto Alamo Street, and, on further examination by Defendants' counsel, that when he veered left he "wasn't trying to turn that way" and was "trying to avoid getting hit." Ex. C, Plaintiff Depo. 69:5-14, 103:9-18, 105:16-106:7; see supra Fact 31. Plaintiff disputes that Exhibit E or Exhibit D shows that Plaintiff "made a left turn" as opposed to moving toward the crosswalk and then veering to avoid the patrol vehicle as it turned toward him; the video does not resolve why Plaintiff moved left, and Officer Williamson admits that he turned his own vehicle to the | headed in a westbound direction. |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | right, toward Plaintiff. Ex. A, Williamson Depo. 54:8-10, 72:6-8, 72:17-18. | |
| 35. Plaintiff admits he swerved when he saw the police vehicle was coming towards him, seconds before impact. Ex. C, Plaintiff Deposition, 72:12-23. | Undisputed in part; disputed in part. | Undisputed that Plaintiff swerved to the left seconds before the collision. Disputed to the extent the fact omits the reason: Plaintiff swerved "when he was coming at me, to avoid getting hit." Ex. C, Plaintiff Depo. 72:15-16. | The cited evidence does not dispute the fact. |
| 36. Plaintiff's electric motorcycle collided with Officer Williamson's patrol vehicle and hit the side of the push bar on the front of the patrol vehicle. Ex. A, Williamson Depo, 23:20-24:6; 62:12-18; 62:23-63:6. | * Disputed. | Disputed as a mischaracterization. The two vehicles collided with each other, and both were moving at the time of impact. Officer Williamson turned his patrol vehicle to the right, toward Plaintiff, and the front push bar of the moving patrol vehicle struck Plaintiff and his e-bike. Ex. A, Williamson Depo. 54:8-10, 62:16-22, 72:17-18; Ex. M at 3:44. Plaintiff estimated the patrol vehicle's speed at "high 20s, maybe almost 30" at the moment of impact and testified that it was traveling faster than he was. Ex. C, Plaintiff Depo. 74:10-19. Undisputed that the contact was with the side of the push bar on the front of the patrol vehicle. Ex. G, CITY | The cited evidence does not dispute the fact.<br><br>It is undisputed that the motorcycle police vehicle collided.<br><br>Plaintiff's speed is not material. It does not make it more or less likely that Officer Williamson intended to use his vehicle to seize and detain Plaintiff, nor more or less likely that any alleged force was |

| **Undisputed Fact** | **Status** | **Opposition** | **Reply** |
|---|---|---|---|
| | | 00001. | unreasonable. |
| 37. The collision occurred on the eastbound lane of Alamo to the west of the intersection. Ex. E, Surveillance Video 2 CITY 00062 at 03:28-03:36, Lee Decl, ¶ 6; Ex. E Surveillance Video 2 CITY 00062 at 00:42-0045, Lee Decl, ¶ 6; Ex. C, Plaintiff Depo., 38: 13-16, Ex. 12 to Deposition (included in Ex. C.) | Undisputed in part; disputed in part. | Undisputed that the collision occurred in the eastbound lanes of Alamo Street, which for a southbound vehicle turning right were the oncoming lanes. Plaintiff adds that the collision occurred in the crosswalk on the west side of the intersection: Plaintiff testified that he was struck "[i]n the middle of the crosswalk," the crosswalk on Alamo at the eastbound lanes. Ex. C, Plaintiff Depo. 58:15-20, 64:10-21; Ex. J, Navaroli Decl. ¶ 13. At the moment of impact Plaintiff was no longer in the lanes of Michael Clark Parkway in which the patrol vehicle had been traveling. Id. | The cited evidence does not dispute the fact. |
| 38. After the collision, when police made contact with Plaintiff, Plaintiff apologized for running from the police and claimed his leg was broken. Ex. C, Plaintiff Deposition, 78:2-4; Ex. F, Williamson BWV at 00:33-01:10, Lee Decl., ¶ 7.) | Undisputed in part; disputed in part. | Undisputed that Plaintiff said "I'm sorry I ran" and said his leg was broken. Disputed that Plaintiff "apologized for running from the police." Plaintiff testified that he meant that he was scared and trying to get home and did not realize the officers were trying to stop him until he was on the ground, and, asked directly whether he meant | The cited evidence does not dispute the fact.<br><br>The dispute is not material. Whether Plaintiff was running from the police or because he was scared and trying to get |

| Undisputed Fact | Status | Opposition | Reply |
| --- | --- | --- | --- |
| | | he was sorry for running from the police, answered "No." Ex. C, Plaintiff Depo. 78:2-15. Plaintiff also testified that his recollection of the words he used comes largely from watching the video rather than from independent memory. *Id.* 104:3-11. | home does not dispute that Plaintiff was in fact "running" and therefore in a hurry.<br><br>Also, Plaintiff's intention regarding "running" is not material because it does not make it more or less likely that Officer Williamson intended to use his vehicle to seize and detain Plaintiff, nor more or less likely that any alleged force was unreasonable. |

* Plaintiff disputes Defendants' characterization of the vehicles as "electric motorcycles," "e-motorcycles," or "motorcycles," and of their riders as "motorcyclists," wherever that characterization appears in Defendants' Statement of Undisputed Facts. The vehicle Plaintiff was riding is properly described as an e-bike or electric bike, and a person riding one is properly described as an electric bicyclist. Plaintiff so testified: asked whether "motorcycle" or "e-motorcycle" were "words you use to describe the vehicle you were driving," he answered "No," and described

it as an "[e]-bike or electric bike." Ex. C, Plaintiff Depo. 103:20-104:2.

Defendant's response to Plaintiff's dispute regarding Plaintiff's vehicle as an "electric motorcyle": The evidence shows that Plaintiff's motorcycle is a "Talaria Power Tech TL5500," which not an "e-bike" but instead an off-highway electric motorcycle as pursuant to California Vehicle Code §436.1. Supplemental Declaration of Lisa Lee, CHP Report, Ex. N, CITY00010-CITY 00021; Flosi Report, Ex. O, p. 15.

## CONCLUSIONS OF LAW SECTION

| **Conclusions of Law** | **Relevant Facts** |
|---|---|
| Defendant Officer Williamson did not seize Plaintiff. | UMF 22-37 |
| Defendant Officer Williamson's Conduct did not cause Plaintiff's injury. | UMF 19-37 |
| Defendant Officer Williamson is entitled to qualified immunity. | UMF 22-30 |
| Plaintiff's battery cause of action fails. | UMF 19-37 |
| Plaintiff's negligence cause of action fails. | UMF 19-37 |
| Plaintiff's Bane Act cause of action fails. | UMF 19-37 |

///

///

///

///

///

Dated: September 24, 2026

LAW OFFICES OF DALE K. GALIPO

By: /s/ Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff
TANNER NAVAROLI

Dated: September 24, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Lisa W. Lee
Lisa W. Lee
Natalie F. Price
Attorneys for Defendant
CITY OF SIMI VALLEY

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Cooper Alison-Mayne, counsel for Plaintiff Tanner Navaroli, and that I have obtained Mr. Mayne's authorizations to affix his electronic signature to this document

Dated: September 24, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Lisa W. Lee
Lisa W. Lee
Natalie F. Price
Attorneys for Defendant
CITY OF SIMI VALLEY